IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2019 JUL 24 P 4: 04

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

BYRON BUTLER,

    Plaintiff,

v.

DAMON DUNN; LAGUNITA
FRANCHISE OPERATIONS, LLC

    Defendants.

2:19-cv-530
DEMAND FOR JURY TRIAL

## COMPLAINT

COMES NOW, Byron Butler ("Plaintiff") and brings the following cause of action against the named defendants as alleged herein:

## JURISDICTION

1. Jurisdiction in this Court in proper pursuant to 28 U.S.C. § 1332, in that there exists complete diversity of the parties. The Plaintiff resides in the State of Alabama. The defendants are domiciled outside of the state of Alabama, and the corporate defendant's principal place of business is located outside the state of Alabama.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this District, and a substantial part of property that is the subject of the action is situated in this District.

1

## PARTIES

3. The Plaintiff **BYRON BUTLER**, at all times relevant and material is a resident of Montgomery, Alabama.

4. Defendant **DAMON DUNN**, upon information and belief is a resident of Long Beach, California.

5. Defendant **LAGUNITA FRANCHISE OPERATIONS, LLC** ("Defendant Lagunita") is a limited liability company formed under the laws of the state of Delaware. The members of the limited liability company are Damon Dunn.

## FACTUAL ALLEGATIONS

6. Lagunita acts as a franchisee of a Dunkin' Donut ("Dunkin'") in several locations including Montgomery, Alabama.

7. The Plaintiff and his wife regularly frequented the Dunkin operated by Lagunita located at 8025 Vaughn Road, Montgomery, Alabama 36116 ("Vaughn Road Dunkin").

8. The Plaintiff and his wife are Dunkin Perks ("Perks") members.

9. As Perks members, the Plaintiff is eligible to earn points for qualifying purchases to be redeemed for free beverage rewards.

10. The Plaintiff and wife routinely ordered the same drinks each visit which is a hot coffee in a Dunkin' refill cup, with 7 creams, 7 sugars, 7 pumps of French vanilla swirl and 1 pump of caramel swirl.

2

11. About eight months ago, the Plaintiff was informed by the manager of the Vaughn Road Dunkin that Dunkin' would be charging an extra cost for additional flavor.

12. Approximately five months ago, the Plaintiff's wife placed her order at the drive thru intercom and was informed that Dunkin' was now charging $0.25 for each extra pump of flavor.

13. After going inside to the cashier to pay for her coffee it was discovered that the Vaughn Road Dunkin employee operating the register was unfamiliar with the charge, and asked the manager for assistance.

14. The Plaintiff and his wife only experienced the price when the manager is completing his purchase transaction, or when the manager directs a subordinate to charge the Plaintiff for the additional flavors.

15. Through subsequent conversations with Vaughn Road Dunkin employees, the Plaintiff learned that he and his wife were the only customers being charged the extra amount for flavoring.

16. Upon learning that information, on May 17, 2019 the Plaintiff wrote a letter to Defendant Dunn expressing his concern. A copy of the letter is attached and incorporated herein as Exhibit A.

17. At no point in his letter to Defendant Dunn did the Plaintiff allude to or suggest that race played any part in the different treatment he and his wife experienced at the Vaughn Road Dunkin.

18. The letter written to the attention of Defendant Dunn was written on the Plaintiff's personal stationary.

19. At no point in the letter written by the Plaintiff does the Plaintiff explicitly state or allude to his job title.

20. As an apparent response to the May 17, 2019 letter, the Plaintiff received a telephone call from the Defendant during which Defendant Dunn denied the allegations that that Plaintiff and his wife were charged additional amounts by the Vaughn Road Dunkin manager.

21. Defendant Dunn further invited the Plaintiff to "sue" him and indicated to the Plaintiff that Defendant Dunn would be alerting his lawyers.

22. Since that telephone conversation, Defendant Dunn has embarked on a wide-reaching, campaign to defame the Plaintiff both personally and professionally.

23. Hence, this lawsuit.

### COUNT ONE ( Slander – Defendant Dunn  - Statement Made to the Montgomery Advertiser)

24. Without waiving any previous allegation herein, the Plaintiff further alleges:

25. Defendant Dunn is liable to the Plaintiff for slander.

26. As an employee for the State of Alabama, the Plaintiff is a public figure.

27. Defendant Dunn has, in a malicious manner made false statements about the Plaintiff to newspaper reporters in the Montgomery, Alabama area.

28. Defendant Dunn has false attributed statements to the Plaintiff that the Plaintiff did not make.

29. Defendant Dunn did, with malice and aforethought, make false misleading statement about the Plaintiff to the Plaintiff's employer concerning acts that Defendant Dunn claims that the Plaintiff committed. The Plaintiff did not commit these acts that Defendant Dunn has alleged

30. On May 31, 2019 a news story entitled *Dunkin' Donuts Owner Accuses Ethics Commission Investigator Of Abuse Of Power*, authored by Kristen Fiscus was posted to the website of the Montgomery Advertiser. In the news story, Defendant Dunn was quoted as saying "When I saw we had a discrimination complaint, I knew I wanted to personally review this and handle it myself[.]" Defendant Dunn falsely claimed that the Plaintiff made a discrimination complaint against the Vaughn Road Dunkin. This statement was knowingly false.

31. In the same news story, Defendant Dunn made a statement that the Plaintiff told Defendant Dunn that he worked for the Justice Department and "could make problems for the business." The Plaintiff did not make such statement and Defendant Dunn's statement that he did has placed the Plaintiff in a false light.

5

32. Defendant Dunn, in the same news story said that the Plaintiff "went into my store and intimidated an 18-year-old female employee to interview[.]" The Plaintiff did not intimidate any Vaughn Road Dunkin employee and Defendant Dunn's statement that the Plaintiff intimidated his employees is false.

33. Defendant Dunn made the false statements contained in the news story in a negligent, malicious manner, with a reckless disregard to the damage that such false, defamatory statements with cause the Plaintiff.

34. Defendant Dunn's maliciously made false statements about the Plaintiff made to the Montgomery Advertiser has damaged the Plaintiff's reputation and standing in the general community, as, in addition to being an investigator for the Alabama Ethics Commission, the Plaintiff is also the pastor of a Dallas County Church.

35. The action of Defendant Dunn are actionable per se.

36. The malicious actions of Defendant Dunn in making the false statements about the Plaintiff have exposed the Plaintiff to public ridicule, scorn and contempt.

37. For example, in response to the news story public comments concerning the Plaintiff included the following:

>   (a) Eric Johnson
>
>   I believe Mr Investigator Butler needs to be disciplined for impersonating a real officer of the

law. While he may be sworn as an investigator of the Ethics Commission, I don't believe the Ethics Commission has any role whatsoever in his issue. After all, the Ethics Commssion (sic) doesn't investigate major ethical crimes, why should they investigate extra costs for excessive cream in the coffee? Sounds to me as though Mr. Butler has gotten a bit too big for his britches.

(b) Sardondi

Huh. It's almost like a clumsy failed shakedown. And this "interview" of the female employee who was asked to give personal information...I smell a rat. And it's not at Dunkin' D.

(c) Bartholamew

Reply to @rockfordpi: it sounds like he was using his position as a law enforcement officer/investigator to intimidate the DD employees so that he would be charged less for creamer. He must have shown a badge to get the employee to give a statement, but did not say what agency he worked for.

(d) 6of1

Typical government employee - think they are above ANY law and that they can treat the people who pay their salaries and unreal benefits as if they were dirt under their feet.

Fire this guy!

(e) Sardondi

> Reply to @UAUKUA: Because he badged her, trying to get a date. And, no, the Ethics Commission has absolutely no authority in this situation. As the investigator Butler well knew, but nonetheless attempted to brazen out.
>
> 3-to-1 the next step was "the hook", in which the investigator offered to "make it all go away". For a consideration.
>
> This is a grotesque abuse of authority, which almost certainly had a corrupt motive behind it. Firing is the only proper response.

(f) Reply to @Goatman: No, this is what Investigator Butler wants store owner Dunn to THINK the Ethcis (sic) Commission investigates. Now, our job is to ask the question, "Why would Butler possibly want to threaten a business owner with 'making trouble' for him?"

> And we will be excused if the first answer to pop into our heads is, "Because at some point Butler was going to to (sic) make an extortionate demand for money, goods or services. And try to get a date with the female employee he bullied into giving him personal information."

38. These ridiculing statements made about the Plaintiff are the direct result of Defendant Dunn's false and misleading statements.

39. The actions of Defendant Dunn for the acts complained of herein in this Count has caused the Plaintiff to suffer damages to include, embarrassment, loss of standing in the community, mental anguish, emotional distress and other pain and suffering.

40. WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment and damages, compensatory and punitive in nature against Defendant Dunn for the acts and omissions alleged in Count One.

### COUNT TWO – Slander (Defendant Dunn – Statements Made to the Plaintiff's Employer)

41. The Plaintiff, without waiving any foregoing allegation, further alleges:

42. Defendant Dunn did with actual malice and aforethought make false statements regarding the Plaintiff to the Plaintiff's employer.

43. Defendant Dunn maliciously made statements that the Plaintiff had misused his state issued law enforcement badge in an attempt to obtain goods and services to coffee from Vaughn Road Dunkin employees.

44. Defendant Dunn did maliciously make false statements about the Plaintiff to the Plaintiff's employer that accused the Plaintiff of using his state issued law enforcement badge to intimidate Vaughn Road Dunkin employees.

45. Each of these statements made about the Plaintiff by Defendant Dunn to the Plaintiff's employer was false, and Defendant Dunn knew or should have known that the statements were false at the time he maliciously made them.

46. The actions of Defendant Dunn for the acts complained of herein in this Count has caused the Plaintiff to suffer damages to include, embarrassment, loss of standing in the community, mental anguish, emotional distress and other pain and suffering.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment and damages, compensatory and punitive in nature against Defendant Dunn for the acts and omissions alleged in Count Two.

### COUNT THREE – Libel – (Defendant Dunn)

47. The Plaintiff, without waiving any previous allegation further alleges:

48. Defendant Dunn, with malicious and aforethought did, via written words convey, communicate and disseminate false information about the Plaintiff to third parties who read said false, defamatory information.

49. Defendant Dunn did, in a malicious manner with a reckless disregard for the truthfulness of the statements, did make such statements in a form reduced to writing and sent to Montgomery, Alabama new reporters.

50. The false statements about the Plaintiff that were sent by Defendant Dunn to Montgomery, Alabama news reporters did unfairly place the Plaintiff in a negative light.

51. Defendant Dunn was given an opportunity to retract the false statements made in writing about the Plaintiff but refused to do so, instead "doubling down" on the malicious statements.

52. The actions of Defendant Dunn for the acts complained of herein in this Count has caused the Plaintiff to suffer damages to include, embarrassment, loss of

standing in the community, mental anguish, emotional distress and other pain and suffering.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays from judgment against Defendant Dunn, and damages, both compensatory and punitive in nature for the allegations against Defendant Dunn in Count Three.

### COUNT FOUR - Conspiracy – (Defendant Dunn and Defendant Lagunita)

53. The Plaintiff, without waiving any previous allegation, further alleges:

54. Defendant Dunn and Defendant Lagunita, including its agents and employees did and continues to engage in a conspiracy to further maliciously defame the Plaintiff.

55. Defendant Dunn and Defendant Lagunita, including its agents and employees did and are conspiring to publish and cause to have publish false and misleading statements about the Plaintiff to third persons and conspire to attest to the truthfulness of the false and misleading statements.

56. Defendant Dunn and Defendant Lagunita, including its agents and employees have not withdrawn or otherwise ceased the conspiracy against the Plaintiff.

57. The actions of Defendant Dunn and Defendant Lagunita, including its agents and employees have caused the Plaintiff to suffer damages to include,

embarrassment, loss of standing in the community, mental anguish, emotional distress and other pain and suffering.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against Defendant Dunn and Defendant Lagunita and damages, both compensatory and punitive for the complained of acts in this Count.

## JURY DEMAND

58. The Plaintiff herein demand trial by struck jury on all triable issues.

Moses O. Stone (asb-0232-s59s)
Stone Law Firm, LLC
PO Box 461
Birmingham, AL 35201
P: 205 714-3800
F: 888 397-0301
E: mosesostone@gmail.com

**Serve Defendants by Certified Mail:**

Damon Dunn
641 South Lawrence Street
Montgomery, Alabama 36104

Lagunita Franchise Operations, LLC
641 South Lawrence Street
Montgomery, Alabama 36104